# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-311-MR
# [CRIMINAL CASE NO. 1:10-cr-32-MR]

| | |
|---|---|
| MARKEENUS CLEAVON WILKERSON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

## BACKGROUND

On June 1, 2010, the Petitioner was named in a Bill of Indictment along with twelve other persons and charged with a drug conspiracy in one count and using a communications facility to commit the drug conspiracy in a second count. [Criminal Case No. 1:10-cr-32-MR ("CR") Doc. 3]. As to the charged conspiracy, the Indictment alleged that it involved 50 or more grams of cocaine base and more than 5 kilograms of cocaine hydrochloride thus subjecting Petitioner to potential imprisonment of not less than 10 years or more than life in accordance with (then applicable) 21 U.S.C. § 841(b)(1)(A).

[Id.]. On July 19, 2010, the Government filed a 21 U.S.C. § 851 Information notifying Petitioner that he faced enhanced punishment due to his 1994 North Carolina felony drug conviction. [CR Doc. 140]. One month later, on August 19, 2010, Petitioner and his counsel executed Petitioner's plea agreement. [CR Doc. 167]. The Petitioner appeared before the Honorable Dennis L. Howell, United States Magistrate Judge, on October 7, 2010, and entered a plea of guilty to the drug conspiracy charge alleged in Count One of the Indictment pursuant to Petitioner's written plea agreement. [CR Docs. 169; 383].

Prior to the Petitioner's sentencing, a United States probation officer prepared a Presentence Report. [CR Doc. 261]. Based upon the Petitioner's drug quantity stipulation in his plea agreement, the probation officer determined that Petitioner's Base Offense Level under the Guidelines was level 34. [Id. at 10]. In arriving at the Petitioner's total offense level, however, the probation officer concluded that Petitioner was a Career Offender. Petitioner's Career Offender offense level (37) was reduced by three levels because Petitioner accepted responsibility for his offense, resulting in a total offense level of 34. [Id. at 9-10]. When Petitioner's total offense level of 34 was coupled with his Career Offender criminal history category of VI, the

Petitioner's advisory Guidelines range of imprisonment became 262 to 327 months. [Id. at 16].

The Court conducted the Petitioner's sentencing hearing on July 7, 2011. [CR Doc. 384]. At the hearing, the Petitioner's counsel objected to the probation officer's conclusion that Petitioner qualified for sentencing as a Career Offender asserting that the Court should find his two predicate offenses had been consolidated and thus should serve as only one qualifying predicate. [Id. at 7]. After hearing argument from both sides, the Court found by a preponderance of the evidence that Petitioner's two predicate offense had been separated by an intervening arrest and had not been consolidated by the state court. Accordingly, the Court concluded the Petitioner met the criteria for the Career Offender provisions and overruled the Petitioner's objection thereto. [Id. at 9]. The Court adopted the facts contained in the PSR and determined that the Petitioner's applicable Guidelines range was 262 to 327months. [Id. at 10].

Prior to Petitioner's sentencing hearing, the Government filed a departure motion. [CR Doc. 307]. The Court asked to hear from the Government's counsel concerning her departure motion. [CR Doc. 384 at 10]. Following the Government's departure explanation, the Petitioner gave his allocution. [Id. at 20-24]. The Court granted the Government's motion,

3

and, after considering the 18 U.S.C. § 3553(a) factors, the Court sentenced Petitioner to a 168-month term of imprisonment. [Id. at 63-64].

The Court entered its Judgment on July 13, 2011. [CR Doc. 313]. Approximately two months later, Petitioner filed a habeas motion alleging his counsel was ineffective for not perfecting Petitioner's appeal from his criminal conviction. [CR Doc. 344]. Without requesting a response from the Government or Petitioner's former counsel, the Court granted Petitioner's motion, vacated its original Judgment, and entered a new Judgment from which Petitioner could appeal. [CR Doc. 345]. The Court entered its Amended Judgment October 26, 2011, and the Petitioner appealed therefrom. [CR Docs. 347; 351]. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished opinion on August 21, 2012. [CR Doc. 391]. Petitioner did not file a petition for writ of certiorari in the Supreme Court.

On November 18, 2013, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 by delivering it to the Bureau of Prisons mail facility at FCI Allenwood where he then resided. [Doc. 1 at 19]. In his motion, the Petitioner alleges his counsel was ineffective by failing to provide him with proper legal advice before he tendered his guilty plea. Petitioner contends, therefore, that

he has suffered a Sixth Amendment deprivation as explained in <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. <u>Id.</u> The Court must review the Government's answer, if any, in order to determine whether an evidentiary hearing is warranted under Rule 8(a). Having considered the record in this matter, the Court finds it is clear that Petitioner is not entitled to relief; therefore, an evidentiary hearing is not required. <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Petitioner's basis for the present motion is set forth in full below:

> Defense counsel did not communicate that the Government had filed a 21 U.S.C. §851 information against the petitioner when he was first presented with the formal plea agreement after that date of filing. By way of letter, newly-discovered in this habeas action, the prosecutor sent petitioner's counsel a choice to plea guilty without the penal consequences

5

> of an §851 filing when in fact the filing had already taken place on July 19, 2010. **Exhibit A.**
>
> The plea agreement provides terms relating to the prosecution's offer to recommend an applicable mandatory minimum if there was a guilty plea to the felony charge (21 U.S.C. §841(B)(1)). At the time of this offer the petitioner's defense counsel failed to disclose and explain that the §851 filed information enhanced his mandatory minimum platform for sentencing, contrary to the terms of the plea agreement. Based upon this Frye violation, the petitioner was led to accept a less advantageous plea offer because the formal offer was at odds with the Government's 851 filing at the time it was made. See, Missourri v. Frye, 566 U.S. 359 (2012).
>
> Based upon this Frye violation, it is evident on the record that petitioner's attorney did not make a meaningful attempt to inform the petitioner that the written plea agreement and accompanying Offering Letter (Exhibit A) signified that a prior §851 information had not been filed by the Government against the petitioner.

[Doc. 1 at 14-15].

A fair reading of Petitioner's basis for habeas relief discloses the confusing nature of his claim. On the one hand, Petitioner's motion could be read to assert that the Government purportedly made a plea offer to Petitioner's counsel (the "newly-discovered" letter) that included, as a material term, the Government's forbearance from filing any information pursuant to 21 U.S.C. § 851 in return for Petitioner's guilty plea. On the other hand, Petitioner's motion could be read to assert that his counsel simply failed to apprise him of the § 851 Information the Government had in fact filed, as well as failed to explain to him the effect such Information would

6

have on the penalties he faced upon conviction. Neither of Petitioner's assertions is supported by the record. Assuming, however, either or both of Petitioner's assertions were true, the outcome of this matter would not be affected thereby.

Beginning with Petitioner's first assertion, that the Government agreed not to file a § 851 information, Petitioner states he discovered a letter sent from the Government's counsel that corroborates his assertion. Petitioner, however, failed to attach any such letter to his habeas motion and no such letter otherwise appears in the record before the Court. Petitioner alludes to his "Exhibit A" in this regard but his Exhibit A, filed with his present motion, consists only of the first and last page of Petitioner's plea agreement filed in his criminal case and nothing more. [Doc. 1 at 17-18]. Thus, Petitioner's unsubstantiated allegations are insufficient to prevail on this component of his claim.

Petitioner's second assertion, that his counsel failed to notify him that a § 851 information had been filed before he tendered his guilty plea, as well as the impact such information would have on any penalties Petitioner faced, is simply contrary to the facts contained in the record. The Government filed its § 851 information on July 19, 2010. [CR Doc. 140]. Exactly one month later, the Petitioner executed his plea agreement with his attorney. [Doc. 1

at 10]. Even assuming Petitioner's counsel failed to alert Petitioner to the filing of § 851 information, Magistrate Judge Howell made this issue the first topic of discussion at the Petitioner's guilty plea hearing:

> THE COURT: All right. Let's call our first case that's on the calendar, which is the case of United States of America vs. Markeenus Cleavon Wilkerson, which is 1:10cr32-13, which is on the calendar for the purpose of a Rule 11 proceeding. Before we get started, I noticed that an information pursuant to 21 United States Code 851 had been filed, and I couldn't see anywhere in the plea agreement that that was going to be withdrawn. Is that the circumstance in this case?
>
> MR. COLEMAN: At this point, those are the circumstances. We're requesting, but don't know yet.
>
> THE COURT: I understand. All right. Well, let's get started. I thought I would inquire. I wanted to make sure before we went forward.

[CR Doc. 383 at 2].

If Petitioner had been completely unaware of the existence of the § 851 information as he claims, it would have been incumbent upon him at that time to contest his attorney's statement to the contrary. Not only did Petitioner fail to speak up, but also, during this same guilty plea hearing before Magistrate Judge Howell, Petitioner acknowledged that if he had sustained a prior felony drug conviction, such conviction would double his otherwise applicable mandatory minimum:

> THE COURT: I am also required by law to advise you concerning the maximum and any minimum penalties prescribed

8

by law for such an offense. Those maximum and minimum penalties are as follows:

    Based on the amount of substance alleged in the bill of indictment, the maximum possible penalty for this offense is a term of imprisonment which may not be less than 10 years nor more than life imprisonment, a fine not to exceed the sum of $4 million, or both, a term of supervised release of at least 5 years, and a $100 special assessment.

    However, if at the time this offense was committed you had a prior conviction for a felony drug offense which had become final, then you would be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment, a fine not to exceed the sum of $8 million, or both, a term of supervised release of at least 10 years, and a $100 special assessment.

    If at the time this offense was committed you had two or more prior convictions for a felony drug offense which had become final, then you would be sentenced to a mandatory term of imprisonment without release, a fine not to exceed the sum of $8 million, or both, and a $100 special assessment.

    Do you fully understand the charges against you related to Count One of the bill of indictment, including those maximum and potential minimum penalties?

    THE DEFENDANT: Yes, sir.

[Id. at 9-10]. In short, the record reflects both that Petitioner acknowledged that he was aware the Government had filed a § 851 information in his case before his guilty plea, and that Petitioner understood the impact any such information would have on the penalties he faced.

9

Having fully addressed Petitioner's claim, the Court notes that the issue Petitioner raised would have availed him nothing even if he had proven his point. As discussed above, Petitioner was properly designated a Career Offender under the Guidelines. As such, the 240-month mandatory minimum brought about by the Government's filing of the § 851 information played no role in determining the Petitioner's recommended Guidelines range of 262-327 months. Petitioner's ultimate Guidelines range was purely a product of the Petitioner's past criminal history as applied to the Career Offender provisions. Accordingly, Petitioner would have suffered no prejudice from his attorney's deficient advice, had there been any, surrounding the § 851 information.

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to

Vacate states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

### **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2015

Martin Reidinger
United States District Judge